IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDREW DAVID NARD                    *

        Plaintiff         *

          vs.                   *     CIVIL ACTION NO. MJG-16-332

CYBERCORE TECHNOLOGIES,              *
LLC, et al.
        Defendants         *

*        *        *        *        *        *        *        *        *

MEMORANDUM AND ORDER APPROVING SETTLEMENT

The Court has before it the Joint Motion for Approval of Settlement [ECF No. 15] and the Memorandum of Law in Support [ECF No. 15-1].  The Court finds neither a response nor hearing necessary.

The provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") are, generally, not subject to modification by contract or settlement.  Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  However, there is an exception if a district court approves a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b) that reflects a reasonable compromise of disputed issues.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

Pursuant to Lynn's Food Stores, a district court "may enter stipulated judgment after scrutinizing the settlement for fairness." Id.  See also Saman v. LBDP, Inc., No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013).

The instant case was settled at an early stage so as to avoid the expense of formal discovery proceedings.  There was, however, an exchange of information sufficient to permit counsel to make an adequate evaluation of the side's respective positions.

The case presented issues as to which each side had non-frivolous positions, and the outcome was uncertain.  The parties were represented by counsel experienced in FLSA litigation who believed that the settlement is fair and reasonable.  There is no reason to suspect any fraud or collusion.

In sum, the record reflects that the settlement is in a range of reasonableness and the absence of any reason to put the parties to further expense that would be disproportionate to the amount at issue.  Moreover, the Court finds the agreement regarding the fees to be paid Plaintiff's counsel within a reasonable range.

Accordingly:

> 1.   The Joint Motion for Approval of Settlement [ECF No. 15] is GRANTED.

      2.    The Settlement is hereby APPROVED.


SO ORDERED, this <u>Wednesday, March 23, 2016</u>


<u>          /s/          </u>
Marvin J. Garbis
United States District Judge